IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-356-FL

| | |
|---|---|
| DAVID LEE BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| AJINOMOTO HEALTH AND ) | |
| NUTRITION, ) | |
| ) | |
| Defendant. | |

This matter is before the court for review of plaintiff's pro se complaint pursuant to U.S.C. § 1915(e). United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court allow to proceed plaintiff's hostile work environment claim to proceed but dismiss plaintiff's claim for retaliation. Plaintiff did not file objections to the M&R, and the time to do so has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, allows plaintiff's hostile work environment claim to proceed, and dismisses without prejudice plaintiff's retaliation claim.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, commenced this action by filing motion for leave to proceed in forma pauperis ("IFP") on July 7, 2020. Plaintiff asserts claims for hostile work environment and retaliation on the basis of sexual orientation, in violation of Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e, et seq. Plaintiff seeks damages and an outstanding job reference.

On August 14, 2020, the magistrate judge granted plaintiff's IFP motion. The magistrate judge further recommended that plaintiff's hostile work environment claim be allowed to proceed, but that his retaliation claim be dismissed for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

The court incorporates herein the summary of alleged facts, as set forth in the M&R, for ease of reference.

> [Plaintiff] David Lee Blount, Jr. began working for Ajinomoto Health and Nutrition [defendant] in 2016. Compl. at 2, D.E.1–1. While an employee, he says he was the target of bullying and harassment because of his sexual orientation. *Id.* Blount is a gay man. His colleagues called him "a gay faggot" and "compared [him] to . . . someone's whiny bitch wife." *Id.* He reported this behavior, but employees and supervisors constantly ignored his reports. *Id.*
>
> When Blount told the human resources director that his foreman Tim Stewart called him "a whiny bitch like his wife," the director "laughed in [Blount's] face." *Id.* Another foreman reported Stewart's behavior on Blount's behalf, yet Ajinomoto took no action. *Id.* Blount says Stewart's boss knew how Stewart treated Blount. *Id.* But instead of addressing this behavior, the company retaliated against Blount by writing him up after he complained. *Id.*
>
> Blount says that his complaints about workplace harassment have been "ignored for years." *Id.* Other employees quit when Ajinomoto took no action after they reported concerns to supervisors and human resources. *Id.* Blount fears for his safety and the safety of his boyfriend. *Id.* at 3. The employees who bullied him know where he lives, and one employee said he would "follow someone home from work to beat them into the ground." *Id.* at 2–3. Blount's mental health has suffered because of this. He has been on medical leave since April 2020 and sees a therapist for panic attacks, fear, severe depression, and suicidal thoughts. *Id.* at 3.

(M&R (DE 4) at 1-2).

# COURT'S DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). Thus, if the court determines on frivolity review that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). Where the court considers a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.      Analysis

Upon careful review of the M&R and of the record generally, having found no clear error, the court hereby adopts the recommendation of the magistrate judge as its own, and, for the reasons stated therein, dismisses without prejudice plaintiff's retaliation claim and allows to proceed plaintiff's hostile work environment claim.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation in the M&R. (DE 4). Plaintiff's retaliation claim is DISMISSED WITHOUT PREJUDICE. Where plaintiff's hostile work environment claim survives frivolity review under 28 U.S.C. § 1915(e)(2)(B), the clerk is DIRECTED to serve plaintiff's complaint by a United States marshal or deputy marshal in accordance with Rule 4(c)(3).

SO ORDERED, this the 2nd day of September, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge